FILED

MAY 3 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MAV MIRFASIHI, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 01C 0722 |
| v. | ) ) ) | Lefkow |
| FLEET MORTGAGE CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

---

### NOTICE OF FILING

---

TO:    See attached Service List.

**PLEASE TAKE NOTICE** that on May 31, 2005, Plaintiff's **Joint Motion for Final Approval of Revised Class Action Settlement; Plaintiff's Memorandum of Law in Support of Joint Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Expenses; Declaration of Clifford A. Cantor in Support of Approval of Proposed Settlement; Declaration of Jon W. Broderud in Support of Approval of Proposed Settlement and Rule 23(e)(2) Statement;** and **Motion for Approval of Fee and Expense Award to Plaintiffs' Counsel Pursuant to Settlement Agreement** were submitted for filing with the Clerk of the above-captioned court.

Dated: May 31, 2005

Respectfully Submitted,
MAV MIRFASIHI

By: _____
One of his Attorneys

Daniel Lynch (IL Bar No.6202499)
CIRIGNANI, HELLER, HARMAN
 & LYNCH, LLP
150 S. Wacker, Suite 2600
Chicago, Illinois 60606
(312) 346-8700
FAX: (312) 346-5180

Oren S. Giskan
207 West 25th Street,
Fourth Floor
New York, NY 10001
(212) 847-8315
FAX: (212) 473-8096

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 31, 2005, they caused this **Notice of Filing** and all of its attachments to be filed with the Clerk of the United Stated District Court, Northern District of Illinois, and I caused true and correct copies of the same to be served upon all counsel of record via First Class U.S. Mail by depositing a true and correct copy of the same into the United States Mail in a properly addressed envelope with adequate postage prepaid:

Jessica Andrews

Signed and Sworn before me on May 31, 2005

Notary Public



**Mirfasihi v. Fleet Mortgage Corporation**, N.D. Ill. Case No. 01 C 0722
**Service List**

Taher Kameli
Law Offices of Kameli & Associates, P.C.
220 South State Street
Suite 2026
Chicago, IL 60604
312-427-4529
312-427-4531 (fax)

Christina M. Tchen
Francis Neil MacDonald
Ryan James Rohlfsen
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
312-407-0700
312-407-0411(fax)

Gary DiBianco
Andrews L. Sandler
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, Northwest
Washington, DC 20005-2111
202-371-7000
202-393-5760 (fax)

Alan Himmelfarb
Law Offices of Alan Himmelfarb
3801 South Santa Fe Avenue
Vernon, CA 90058
323-585-8696
323-585-8198 (fax)

Erin C. Perkins
Mayer, Brown, Rowe & Maw, LLP
190 S. LaSalle Street
Chicago, IL 60603
312-782-0600
312-710-7711 (fax)

Kevin M. Prongay
Jon W. Borderud
Prongay & Borderud
11755 Wilshire Blvd., Suite 2140
Los Angeles, CA 90025
310-207-2848
310-207-2748 (fax)

James Shedden
Beeler, Schad & Diamond, P.C.
332 S. Michigan Ave., Suite 1000
Chicago, IL 60604
312-939-6280
312-939-4661 (fax)

Oren S. Giskan
Giskan & Solotaroff
207 West 25th Street
Fourth Floor
New York, NY 10001
212-847-8315
212-473-8096 (fax)

John Peter Zavez
Noah Rosmarin
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Suite 500
Boston, MA 02114
617-367-1040
617-742-8280 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

*MAY 3 1 2005*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

*NF,*

| | | |
|---|---|---|
| MAV MIRFASIHI, | ) | |
| On behalf of himself and all others | ) | |
| Similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 0722 |
| | ) | |
| FLEET MORTGAGE CORP., | ) | Honorable Joan Humphrey Lefkow |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR FINAL APPROVAL OF
## REVISED CLASS ACTION SETTLEMENT

Plaintiff Mav Mirfasihi, as well as plaintiffs from three other jurisdictions, and Defendant Fleet Mortgage Corporation (together the "Parties") hereby move this Court as follows:

1. The Parties have reached a class action settlement in this matter and now move this Court for Final Approval of that settlement (the "Settlement Agreement"), a copy of which is attached hereto at Tab 1.

2. For the reasons set forth in the Parties' separate memoranda in support of this Motion, filed contemporaneously herewith and incorporated herein, and after consideration of any arguments or submissions during the hearing set for August 11, 2005 for this matter, this Court should approve the Settlement Agreement, certify the settlement classes provided in the Settlement Agreement, and dismiss this case with prejudice. The Parties will submit a proposed Final Order, including proposed findings and conclusions, along with any reply briefs filed by the Parties to any objections filed by the intervenors in this case in connection with the briefing schedule entered by this Court. This will allow the Parties to include in the proposed Final Order any discussion that may be appropriate regarding such objections.

WHEREFORE, the Parties request that this Court enter a Final Order and Judgment approving the class settlement, certifying the settlement classes as set forth in the Settlement Agreement, and dismissing this case with prejudice.

Dated: Chicago, Illinois
        May 31, 2005

                                        Respectfully submitted,


Jon W. Borderud (@FC)                   Christina M. Tchen
Jon W. Borderud                         Ryan J. Rohlfsen
LAW OFFICES OF JON BORDERUD             SKADDEN, ARPS, SLATE,
11620 Wilshire Boulevard, Suite 400       MEAGHER & FLOM LLP
Los Angeles, California 90025           333 West Wacker Drive, Suite 2100
(310) 207-2848                          Chicago, IL 60606-1285
                                        (312) 407-0700
Daniel Lynch
Margot Klein                            Of Counsel:
CIRIGNANI, HELLER, HARMAN               Andrew L. Sandler
  & LYNCH, LLP                          Gary DiBianco
200 W. Madison, Suite 3660              SKADDEN, ARPS, SLATE
Chicago, IL 60606                         MEAGHER & FLOM LLP
(312) 346-8700                          1440 New York Avenue, N.W.
                                        Washington, D.C. 20005-2111
Oren Giskan                             (202) 371-7000
GISKAN & SOLOTAROFF
207 W. 25th Street, 4th Floor           *Attorneys for Defendant*
New York, NY 10001                      *Fleet Mortgage Corp.*
(212) 475-0099

Alan Himmelfarb
LAW OFFICES OF
  ALAN HIMMELFARB
3801 South Santa Fe Avenue
Vernon, CA  90058
(213) 585-8696

*Attorneys for Plaintiff*
*Mav Mirfasihi*

Richard A. Lockridge
Robert K. Shelquist
LOCKRIDGE GRINDAL
  NAUEN P.L.L.P.
100 Washington Avenue S., Ste. 2200
Minneapolis, Minnesota 55401
(612) 339-6900
*Attorneys for Plaintiffs in Fyhrie v.
Fleet Mortgage Corp.*

Andrew N. Friedman
Victoria S. Nugent
COHEN, MILSTEIN, HAUSFELD &
  TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
(202) 408-4600
*Attorneys for Plaintiffs in Gates v. Fleet
Mortgage Corp.*

Clifford A. Cantor, Esq.
LAW OFFICES OF
  CLIFFORD A. CANTOR, P.C.
627 208th Ave., S.E.
Sammamish, Washington 98053-7033
(425) 868-7813

Jordan M. Lewis
SIEGEL, BRILL, GREUPNER,
DUFFY
  & FOSTER, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, Pennsylvania 19103
(215) 814-9322

Counsel for Plaintiffs in *Burke v.
Washington Mutual Home Loans, Inc.,
et al.*

3

THE LAW OFFICES OF
  J. NICOLAS ALBUKERK
3247 W. 26th Street, 2nd Floor
Chicago, Illinois 60623
(773) 847-1600

Along with Law Offices of Clifford A.
Cantor, P.C., counsel for the Burkes in
*Mirfasihi v. Fleet Mortgage Corp.*

## AGREEMENT OF SETTLEMENT

This Agreement of Settlement (the "Settlement Agreement") is entered into this 31st day of May 2005 between Bank of America Corporation and FleetBoston Financial Corp., on behalf of Fleet Mortgage Corp. ("FMC"), and Mav Mirfasihi, Lawrence Fyhrie, Carolyn Fyhrie, Troy Fyhrie, Todd Fyhrie, Robert L. Gates, Paul J. Burke, and Donna B. Burke (collectively, the "Representative Plaintiffs").

WHEREAS, each of the Representative Plaintiffs filed class action lawsuits against FMC, specifically: Mirfasihi filed a putative class action lawsuit in the United States District Court for the Northern District of Illinois (the "District Court") captioned *Mirfasihi v. Fleet Mortgage Corp.*, Case No. 01 C 0722 ("this Action"); the Fyhries filed a putative class action lawsuit in the District Court for Otter Tail County, Minnesota, captioned *Fyhrie v. Fleet Mortgage Corp. and John Does 1-12*, Case No. CX-01-438 (the "Fyhrie"); Gates filed a putative class action lawsuit in the Circuit Court for St. Mary's County, Maryland, captioned *Gates v. Fleet Mortgage Corp.*, Case No. CA-01-168 (the "Gates action"); and the Burkes filed a putative class action lawsuit in the Circuit Court for Milwaukee County, Wisconsin, captioned *Burke v. Washington Mutual Home Loans, Inc., Signature Agency, Inc. and Fleet Mortgage Group, Inc.*, Case No. 02 CV 00085 (the "Burke action") (collectively, the "Litigation");

WHEREAS, the Representative Plaintiffs allege that either FMC improperly shared mortgage information of persons whose mortgages were originated and/or serviced by FMC ("FMC Customers") with unaffiliated third parties to allow those third parties to offer products, services or insurance to FMC Customers ("Information-

Sharing Claims"); and/or allege that telemarketing of certain products, services, or accidental death insurance was misleading ("Telemarketing Claims");

WHEREAS, FMC denies all allegations of wrongdoing and liability asserted in all of the aforementioned actions and maintains that it has conducted its dealings with the Representative Plaintiffs and the class members in a lawful manner in all respects;

WHEREAS, FMC represents that sharing of information regarding FMC customers with third-party vendors ceased in December 2000;

WHEREAS, on June 1, 2001, FMC was sold to Washington Mutual Home Loans Inc. ("WMHLI") and, pursuant to the sale agreement, FMC represents that FleetBoston Financial Corporation assumed the defense of the Litigation;

WHEREAS, on December 7, 2001, the Court in this Action granted FMC's Motion to Dismiss the First Amended Complaint and granted Plaintiffs' Motion for Leave to File a Second Amended Complaint; and on January 29, 2002, the Court sustained the Second Amended Complaint;

WHEREAS, on November 20, 2001, the court in the Fyhrie action granted in part and denied in part FMC's Motion to Dismiss the Complaint and dismissed without prejudice the Fyhrie plaintiffs' Telemarketing Claims;

WHEREAS, on January 8, 2002, the court in the Gates action dismissed Count Two of the Complaint, allowed the allegations in Counts One and Four of the

2

Complaint related to allegedly deceptive telemarketing to proceed, and denied Plaintiffs' Motion for Class Certification;

WHEREAS, certain of the Representative Plaintiffs seek to represent a settlement class (the "Information-Sharing Settlement Class") comprised of all FMC Customers outside of California whose mortgage information was shared with unaffiliated third parties to allow those parties to offer membership products or services or insurance to FMC Customers during the six-year period preceding the filing of this action;

WHEREAS, other Representative Plaintiffs seek to represent a settlement class (the "Telemarketing Settlement Class") comprised of all FMC Customers outside of California and Minnesota who enrolled by telephone in a membership product or service, and all FMC Customers nationwide who purchased an accidental death insurance policy by telephone, and were billed and paid for such a product, service, or insurance policy during the six years preceding the filing of this action (the Information-Sharing Settlement Class and the Telemarketing Settlement Class together are sometimes referred to herein as the "Settlement Classes");

WHEREAS, FMC has represented that to the best of its knowledge approximately 1.4 million persons fall within the definition of the Information-Sharing Settlement Class and approximately 200,000 persons fall within the definition of the Telemarketing Settlement Class, and the respective Representative Plaintiffs have relied upon those representations in entering into this Settlement Agreement;

3

WHEREAS, it is FMC's position that the provisions of the Gramm-Leach-Bliley Act, Pub. L. No. 106-102, 113 Stat. 1338 (1999) (the "GLB Act") governing financial privacy became effective after the practices alleged in the Litigation were discontinued by FMC, and that the practices underlying the information-sharing allegations in the Litigation, had they continued, would have been governed by the GLB Act;

WHEREAS, Information-Sharing Class Counsel (as set forth below) have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation, and have received documents and information from FMC through informal discovery and through review of discovery adduced in similar actions against FMC.  Information-Sharing Class Counsel have analyzed the evidence adduced in connection with their investigation and informal discovery and have researched the applicable law with respect to the claims of Information-Sharing Plaintiffs and the Information-Sharing Settlement Class against FMC and the potential defenses thereto;

WHEREAS, Information-Sharing Settlement Class Representatives and Counsel have agreed to settle the Information-Sharing Claims pursuant to the terms and provisions of this Settlement Agreement based on, among other things, (1) the inherent risks of litigation and the fact that putative class members could receive nothing if litigation is pursued; (2) the argument that members of the Information-Sharing Settlement Class have not sustained any monetary or actual damages as a result of the unlawful conduct alleged, and therefore Information-Sharing Settlement Class members may not be entitled to any actual damages or statutory damages; (3) in most jurisdictions,

4

where actual damages or statutory damages are not available, payment of all revenue is often considered a full and complete remedy; and (4) the pro-rata share of each Settlement Class member's share of the payment amount would be de minimis, the costs of distribution would greatly exceed the distributed amount and consume the fund, and therefore fluid recovery in the form of a charitable donation on behalf of the Information-Sharing Settlement Class to a group devoted to privacy research, education, and/or advocacy is a viable and preferable alternative;

WHEREAS, Telemarketing Settlement Class Counsel (as set forth below) have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation, and have received documents and information from their clients and through informal discovery from FMC. Telemarketing Settlement Class Counsel have analyzed and researched the applicable law with respect to the telemarketing claims and the Telemarketing Settlement Class against FMC and the potential defenses thereto;

WHEREAS, Telemarketing Class Representatives and Counsel have agreed to settle the Telemarketing Claims pursuant to the terms and provisions of this Settlement Agreement based on, among other things, (1) the inherent risks of litigation and the fact that class members could receive nothing if litigation is pursued; (2) FMC's defense that members of the Telemarketing Settlement Class consented to the allegedly actionable conduct and therefore wrongdoing and/or causation of damages are absent; (3) due to the passage of time since the telemarketing events, proof could be difficult;

WHEREAS, based upon this investigation, research, and analysis, Information-Sharing Settlement Class Counsel and Telemarketing Settlement Class Counsel have separately concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the Settlement Classes that they represent and in the best interests of such Settlement Classes based on all of the circumstances considered;

WHEREAS, subject to the approval of the Court, the parties wish to effect a compromise;

WHEREAS, the attorneys for the Representative Plaintiffs, having taken into account the substantial benefits that the Members of the Settlement Classes will receive as a result of the settlement provided herein (the "Settlement") and the considerable risks and delays of further litigation, believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Members of the Settlement Classes under all of the circumstances;

WHEREAS, the attorneys for the Representative Plaintiffs have conducted discovery confirming the representations made herein relating to the claims that were asserted or could have been asserted in the Litigation;

WHEREAS, two actions similar to this Litigation, captioned *State of Minnesota v. Fleet Mortgage Corp.*, No. 01-CV-0048 (D. Minn.) and *Koluncich v. Fleet Mortgage Corp. et al.*, No RCV 052783 (Sup. Ct. San Bernardino Cty, California), have been settled;

WHEREAS, FMC and certain of the Representative Plaintiffs previously agreed to a settlement (the "Original Settlement") dated June 14, 2002;

WHEREAS, the Original Settlement was reached only after good faith, extensive, arm's-length negotiations;

WHEREAS, the Original Settlement was objected to by Michael Green and Angela Perry (the "Objectors");

WHEREAS, the District Court overruled Objectors' arguments and approved the Original Settlement by orders dated December 2002;

WHEREAS, the District Court's approval of the Original Settlement was vacated in part by the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit");

WHEREAS, after remand, FMC, Plaintiffs, and Objectors entered into new settlement negotiations and mediations that were arm's length and hard-fought in an attempt to resolve remaining disagreements about the nature and scope of settlement relief for the settlement classes pursuant to the Seventh Circuit's opinion, including separate mediations before the Honorable Morton Denlow and the Honorable Richard E. Neville (Retired); and

WHEREAS, FMC and the Representative Plaintiffs were able to reach an accord and compromise, and to resolve their disputes and address the concerns raised by the Seventh Circuit;

7

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned that the Litigation shall be settled and compromised, subject to the approval of the court, upon and subject to the following terms and conditions:

1.      The parties will submit to the District Court an order which, among other provisions, shall certify the Settlement Classes for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure; shall approve Representative Plaintiffs Mav Mirfasihi, Lawrence Fyhrie, Carolyn Fyhrie, Troy Fyhrie, and Todd Fyhrie as adequate representatives of the Information-Sharing Settlement Class; shall approve Representative Plaintiffs Paul J. Burke and Donna B. Burke as adequate representatives of the Telemarketing Settlement Class; and shall designate Jon W. Borderud as Counsel for the Information-Sharing Class and Clifford A. Cantor as Counsel for the Telemarketing Settlement Class and (collectively, "Class Counsel").[1]

2.      FMC specifically disputes that any requirements of Federal Rule of Civil Procedure 23 (or corresponding state statute or rule) could be met for any litigation classes in the Litigation.  FMC does not consent to certification of the Settlement Classes

---

[1] "Class Counsel" is defined as having, among others, the following duties:

> Class counsel shall manage and direct the prosecution of the action on behalf of all plaintiffs; brief and argue motions and file opposing briefs in proceedings initiated by other parties; act as spokesperson at conferences and hearings; call meetings of plaintiffs' counsel as deemed appropriate; make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of the litigation and to avoid duplicative or unproductive work; negotiate with defense counsel; and coordinate with defense counsel.

Class counsel are authorized to accept pleadings from defendant and orders and notices from the Court, and are responsible for the preparation and transmittal of copies of such pleadings, orders and notices to all counsel, as appropriate.

for any purpose other than to effectuate the settlement of the Action. If this Settlement Agreement is terminated pursuant to its terms, if the Settlement Agreement does not receive Final Approval by the District Court or on appeal, or the Effective Date (as defined below) for any reason does not occur, the order certifying the Settlement Classes and all preliminary and/or final findings regarding the Court's Settlement Classes certification order shall be automatically vacated, and the Litigation shall proceed as though the Settlement Classes had never been certified and such findings had never been made.

**Claims of the Information-Sharing Settlement Class**

3.      In accordance with this Agreement, the proposed Information-Sharing Settlement Class representatives shall ask the Court to certify an Information-Sharing Settlement Class pursuant to Federal Rule of Procedure 23(b)(3) of all persons whose mortgage information was shared with unaffiliated third parties to allow those parties to offer products, services or insurance to FMC customers in the six years preceding the filing of this Action. The Information-Sharing Settlement Class shall not include present and former employees of FMC and FleetBoston Financial Corp., and shall not include individuals with mailing and property addresses in California.

4.      Even though FMC asserts that the Information-Sharing Settlement Class members have not suffered any injury or damages of any kind or nature whatsoever and are therefore not entitled to any relief, FMC has agreed to make a charitable contribution of $243,000 to the Electronic Privacy Information Center, a public interest research center devoted to privacy education and protection, and/or one or more other charitable institutions devoted to consumer privacy concerns to be determined by mutual agreement of the parties. The payment of $243,000 will be paid in full satisfaction of all

9

Claims that were or could have been brought in the Litigation by or on behalf of the Information-Sharing Settlement Class, and FMC represents and ensures, to the best of its knowledge, that the payment constitutes full return of all revenues received by FMC on a per-name basis from unaffiliated third parties who offered membership products or services to FMC customers outside California in the last six years. No direct payment is being made to Information-Sharing Settlement Class members because, among other things, any direct payment would be de minimis (in the amount of only approximately $0.17 per class member), and therefore the cost of processing and sending such a small amount to each Information-Sharing Settlement Class member would be neither practicable nor economically rational because it would far exceed the amount of revenue being paid as consideration for settling these claims.

     5.     The parties agree that notice previously given the Information-Sharing Settlement Class members by publication in USA Today Weekend and by posting on an Internet website constitutes sufficient notice to the Information-Sharing Settlement Class and no additional notice is required for at least the following reasons:

     a.     The previous publication notice to the Information-Sharing Settlement Class members was found adequate by the District Court and Seventh Circuit; and

     b.     The Information-Sharing Settlement Class itself has not changed because the practices alleged in the Litigation were discontinued by FMC prior to the previous notice (thus no new class members have come into existence since the prior notice); and

c.      The indirect benefits of this revised settlement relating to information sharing have increased from the Original Settlement of which the Information-Sharing Settlement Class members were notified.

6.      If the court orders that the Information-Sharing Settlement Class be re-noticed, FMC has the option of rescinding this Settlement Agreement within 30 days of the time that any such order becomes final and non-appealable.

**Claims of the Telemarketing Settlement Class**

7.      Pursuant to this Settlement Agreement, the proposed Telemarketing Settlement Class representatives shall ask the Court to certify a Telemarketing Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) of (1) all FMC Customers outside of Minnesota and California who were billed on their mortgage account statements and paid for a telemarketed membership product or service and did not consent to such charges, and (2) all FMC Customers nationwide who were billed on their mortgage account statements and paid for a telemarketed accidental death insurance policy, and did not consent to such charges. The Telemarketing Settlement Class shall not include present and former employees of FMC and FleetBoston Financial Corp. FMC represents that it has made its best efforts to identify all individuals from its records who were charged for and paid for the aforementioned products.

a.      Any Class Member who previously submitted a timely written request for exclusion in connection with the Original Settlement will be deemed an Opt-Out Claimant. An Opt-Out Claimant is deemed to have waived any and all claims to any relief provided for herein, will not be bound by any release of claims provided for herein, and will not be bound by any final judgment that may result from this Settlement Agreement.  A list of Opt-Out Claimants is attached hereto at Tab A.

11

b.      All Representative Plaintiffs agree to participate as Settlement Class Members in their respective Settlement Class, not to object to the Court's approval of this Settlement Agreement, and affirmatively to support final judicial approval of this Settlement Agreement.

8.   Any member of the Telemarketing Settlement Class who previously submitted a timely Claim Form in connection with the Original Settlement shall be entitled to relief as follows:

a.   Any member of the Telemarketing Settlement Class who certified that he or she did not consent to enrollment in a membership product or service offered by telemarketing or accidental death insurance policy offered by telemarketing, and was still being charged for such a product, service or policy, may cancel the product, service, or policy without penalty.

b.   Any member of the Telemarketing Settlement Class who certified that he or she did not consent to enrollment in a membership product or service offered by telemarketing, and was charged for a membership product or service for less than six months, will receive a refund of $10.

c.   Any member of the Telemarketing Settlement Class who certified that he or she did not consent to enrollment in a membership product or service offered by telemarketing and was charged for a membership product or service for more than six months, will receive a refund of 25% of the monthly charges for each month enrolled up to 18 months. Based on this formula, the maximum refund for any single product is estimated to be $135.

d.  Any member of the Telemarketing Settlement Class who certified that he or she did not consent to the purchase of an accidental death insurance policy offered by telemarketing, and was charged for accidental death insurance for less than one year, will receive a refund of $12.50.

e.  Any member of the Telemarketing Settlement Class who certified that he or she did not consent to the purchase of an accidental death insurance offered by telemarketing, and was charged for accidental death insurance for more than one year, will receive a refund of $25.

9.  FMC's total maximum payments under the provisions of paragraph 8 shall be $2.4 million.

a.  The Representative Plaintiffs and Members of the Settlement Classes are entitled solely to the remedy described in paragraph 4 above and the refunds described in paragraph 8. In no event shall the members of the Settlement Classes or the Representative Plaintiffs have any claim to any amount in excess of actual refunds allowed in the previous paragraph, regardless of whether the total amount of the refunds claimed by Members of the Telemarketing Settlement Class is less than $2.4 million.

b.  In the event that the total claims made pursuant to the provisions of paragraph 8 are less than $2.4 million, the balance, if any, shall be paid to the Electronic Privacy Information Center and/or one or more other charitable institutions devoted to consumer privacy concerns to be determined by mutual agreement of the parties, after subtracting (i) the amounts FMC paid to settle the action *Koluncich v. Fleet Mortgage Corp.*, No. RCV 052783 (Cal. Super. Ct. Feb. 5, 2001), including class

counsels' attorneys' fees; and (ii) any amounts paid to satisfy the claims of any class members, including class counsels' attorneys' fees, any class notice, and costs, whether in this Litigation or otherwise.

10.     Any FMC Customer who, prior to the Settlement, received a full refund for any amounts paid for a telemarketed membership product or service or telemarketed accidental death insurance policy, shall not be entitled to any refund under this settlement. Any FMC Customer who received, prior to the Settlement, a partial refund for any amounts paid for a telemarketed membership product or service or telemarketed accidental death insurance policy, shall have any refund under this Settlement reduced by the amount of the past refund. Amounts refunded by FMC prior to this Settlement shall not be included in calculating amounts paid under this Settlement Agreement and shall not be counted against the maximum payment stipulated in the previous paragraph.

11.     Present and former FMC Customers with property addresses in Minnesota who received any refund for membership fees for a telemarketed membership product or service in the restitution program administered by the Attorney General for the State of Minnesota pursuant to the settlement agreement in *State v. Fleet Mortgage Corp.*, 01-CV-48 (D. Minn.) shall not be entitled to any additional refund of fees paid for any telemarketed membership product or service under the terms of this Settlement Agreement. Such customers may receive refunds for fees paid for telemarketed accidental death insurance policies as stipulated in this Settlement Agreement.

12.     Present and former FMC Customers with property addresses in California who received any refund for membership fees paid for any telemarketed

14

membership product or service pursuant to any settlement agreement in *Koluncich v. Fleet Mortgage Corp. et al.*, No RCV 052783 (Sup. Ct. San Bernardino Cty, California) shall not be entitled to any refunds for fees paid for any telemarketed membership product or service under the terms of this Settlement Agreement. Such customers may receive refunds for fees for telemarketed accidental death insurance policies as stipulated in this Settlement Agreement.

13.    The parties agree that notice previously given the Telemarketing Settlement Class members by individual mailed notice is sufficient, and no additional notice need be issued, for at least the following reasons:

a.    The previous notice to the Telemarketing Settlement Class members was found adequate by the District Court and Seventh Circuit;

b.    The Telemarketing Settlement Class itself has not changed because the practices alleged in the Litigation were discontinued by FMC prior to the previous notice (thus no new class members have come into existence since the prior notice); and

c.    The indirect benefits (but not the direct benefits) of this revised settlement relating to telemarketing have increased from the Original Settlement of which the Telemarketing Settlement Class members were notified.

14.    If the Court orders that the Telemarketing Settlement Class be re-noticed, FMC has the option of rescinding this Settlement Agreement within 30 days of the time that any such order becomes final and non-appealable.

**Attorneys' Fees and Reimbursement of Expenses**

15.    For purposes of oversight of this Settlement and decision as to attorneys' fees, counsel for the plaintiffs in this Action and counsel for the plaintiffs in

15

the Fyhrie action, the Gates action, and the Burke action stipulate and agree that any and all claims for attorneys' fees and expenses of these actions shall be made solely in this Action in the Northern District of Illinois, and attorneys' fees and expenses paid in this Action shall constitute full satisfaction of any and all such claims in this Action and the Fyhrie, Gates, and Burke actions.

16.   FMC has agreed to pay attorneys' fees and litigation expenses to counsel for the Representative Plaintiffs in the total amount of $750,000, subject to Court approval. In no event shall the total amount of attorneys' fees and expenses paid by FMC exceed $750,000.

**Other**

17.   The decision on final approval of this Settlement shall occur as soon as practicable in accordance with the Court's schedule.

18.   As used herein, the term "Effective Date" means the third business day after (a) the lapse of the time for appeal of the Final Order without any appeal having been taken; (b) both (i) the affirmance on appeal of the Final Order without modification or the dismissal of any appeal of the Final Order without alteration of the Final Order in any respect unsatisfactory to FMC and/or Class Counsel, and (ii) the termination of any further opportunity of appellate review, whichever date shall be later.

19.   Except as otherwise ordered by the Court, Telemarketing Settlement Class Members who fail to cash or deposit their settlement checks within 180 days from the date the checks are mailed, shall be forever barred from receiving any payments pursuant to the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Settlement Agreement, the Settlement, the releases contained herein, and the Final Order.

16

20.     The administration of the Settlement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of, and determination by, the United States District Court for the Northern District of Illinois.

21.     For purposes of this Agreement, "Participating Telemarketers" means all entities that offered membership products or services and/or accidental death insurance to FMC Customers by telemarketing, including American Security Insurance Company, Union Security Life Insurance Company, American Bankers Insurance Group, Inc., American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, and all of their respective past and present divisions, subsidiaries, parent companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such entity), including but not limited to Fortis, Inc., and any direct or indirect subsidiary of Fortis, Inc. or American Bankers Insurance Group, Inc., and all of the officers, directors, employees, agents, insurers, reinsurers, brokers, distributors, representatives, and attorneys of such entities.  "Participating telemarketers" shall not include Reliance Insurance, which is in liquidation.

22.     The final judgment entered in this action will be binding upon all members of the Settlement Classes and upon FMC, and will extinguish any and all claims that were or could have been brought relating to FMC's sharing of information and/or the telemarketing of products, services or accidental death insurance to FMC customers under any federal or state statute or common law, including but not limited to any and all claims arising out of or in connection with the Litigation. All Members of the Settlement

17

Classes who did not opt out shall be deemed to release FMC and Participating Telemarketers and their present and former parents, subsidiaries, successors and assigns from any and all claims that were or could have been brought relating to FMC's sharing of information and/or the telemarketing of products, services or accidental death insurance to FMC customers under any federal or state statute or common law, including but not limited to all claims arising out of or in connection with the Litigation. No other entities are released pursuant to this Settlement Agreement.

23.     Upon the Effective Date, FMC, its attorneys and assigns, shall release and forever discharge the Representative Plaintiffs, their present and former attorneys, administrators, heirs, agents, successors, and assigns, from all claims arising out of or in connection with the Litigation. However, this Settlement Agreement in no way discharges the contractual obligations of any Member of the Settlement Classes regarding the full, complete, and timely performance of the terms of any contract between FMC, its present and former parents and subsidiaries, or its successors and assigns and any Member of the Settlement Classes.

24.     Entry of a Final Approval Order shall be a condition of the Settlement. Failure of the Court to enter such a Final Approval Order shall give rise to the consequences set forth in paragraph 28 hereof.

25.     As soon as practicable after the execution of this Settlement Agreement, Class Counsel and FMC shall jointly request the Court to enter the Final Order, which:

18

a.      determines that the Litigation may be maintained as a class action for settlement purposes only and certifies the Settlement Classes as a settlement class;

b.      finds that the specified Representative Plaintiffs fairly and adequately represent the interests of the respective Settlement Classes and satisfy the requirements to be representatives of the Settlement Classes and therefore so appoints them as representatives;

c.      appoints Jon W. Borderud as Counsel for the Information-Sharing Class and Clifford A. Cantor as Counsel for the Telemarketing Settlement Class with authority to take all actions for each of the Settlement Classes, including, but not limited to, all actions in connection with the review, approval, implementation, and administration of the Settlement;

d.      approves this Settlement Agreement (without any modification that is unacceptable to either Class Counsel or FMC) as fair, reasonable, and adequate to the Settlement Classes;

e.      directs the parties to consummate the Settlement in accordance with the terms of this Settlement Agreement;

f.      dismisses all claims asserted in the Litigation by Representative Plaintiffs and the Settlement Classes;

g.      permanently bars and enjoins the Representative Plaintiffs and all Members of the Settlement Classes from bringing or continuing any claim, action, or cause of action against FMC and/or the Participating Telemarketers that has been

released under this Settlement Agreement, including but not limited to *Lassman v. Fleet Mortgage Corp.*, No. 01-4806-J (Mass. Sup. Ct.);

   h. finds that notice has been directed to all persons meeting the definition of the Settlement Classes in accordance with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure;

   i. approves an award of attorneys' fees and reimbursement of expenses to counsel to the Representative Plaintiffs and the Settlement Classes to be paid by FMC to Class Counsel on the Effective Date;

   j. retains continuing jurisdiction for purposes of supervising the implementation of the Settlement;

   k. finds that each Representative Plaintiff and each Member of the Settlement Classes and FMC shall be bound by this Settlement Agreement; and

   l. contains such other provisions as the parties may agree.

  26. Entry of a Final Order agreeable to Class Counsel and FMC shall be a condition of the Settlement. Failure of the Court to enter such a Final Order shall give rise to the consequences set forth in paragraph 28 hereof.

  27. Immediately upon the Effective Date:

   a. Plaintiffs in the Fyhrie action shall file a stipulation of dismissal with prejudice of all claims against FMC, and its parents, successors, predecessors and assigns, signed by Plaintiffs and FMC pursuant to Minnesota Rule of Civil Procedure 41.01(a)(2), and shall take all steps necessary to effect dismissal with prejudice of FMC from that action.

b.      Plaintiff in the Gates action shall file a stipulation of dismissal of the Gates action with prejudice signed by all parties pursuant to Maryland Rule of Civil Procedure 2-506(a)(2), and shall take all steps necessary to effect dismissal with prejudice of that action.

c.      Plaintiffs in the Burke action shall file a stipulation of dismissal with prejudice of all claims against Washington Mutual Home Loans Inc. and FMC in the Burke action pursuant to Wisconsin Statute Annotated Chapter 805.04(1), and shall take all steps necessary to effect dismissal with prejudice of that action.

d.      Failure to comply with any of the provisions of this paragraph shall terminate the Settlement.

28.     If: (a) the Court does not enter the Final Order described in paragraphs 25 and 26; or (b) the entry of the Final Order is reversed on appeal or the Final Order is modified on appeal in any respect unsatisfactory to FMC and/or Class Counsel, then the Settlement shall be terminated. This Settlement Agreement and other papers submitted in connection with this Settlement Agreement shall not be offered or received in evidence in any proceeding and shall not constitute an admission of any matter, all findings and determinations made pursuant hereto shall be null and void, all parties shall stand in the same position as if this Settlement Agreement and any proceedings under it had not occurred, and this Settlement Agreement shall be of no further force and effect, except that the provisions of this paragraph shall survive.

29.     It is expressly agreed and understood that this Settlement Agreement does not constitute an admission by any party and may not be admitted in evidence in any action involving any party except an action to enforce its terms.

21

30. This Settlement Agreement may be executed in separate counterparts.

31. This Settlement Agreement will be binding on, and inure to the benefit of, the Representative Plaintiffs and FMC, their heirs, administrators, successors, and assigns, and any corporation or other entity into or with which any corporate party hereto may merge or consolidate, as third-party beneficiaries.

32. It is further understood, and agreed, that this Settlement Agreement is the full and complete agreement between the parties and that there are no other agreements, covenants, promises, or arrangements other than those set forth herein. Except as expressly set forth in this Settlement Agreement, the parties have not made, and do not make, any other representations, warranties, statements, promises or agreements to or with each other.

IN WITNESS WHEREOF, the parties through their counsel have caused this Settlement Agreement to be duly executed and effective as of the date first above shown.

Dated: 5/31/05

Jon W. Borderud
LAW OFFICES OF JON BORDERUD
11620 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
(310) 207-2848

Jon W. Borderud

Oren Giskan
GISKAN & SOLOTAROFF
207 West 25th, 4th Floor
New York, New York 1001
(212) 847-8315

Daniel Lynch
Margot Klein
CIRIGNANI, HELLER, HARMAN
   & LYNCH, LLP
200 W. Madison St., Suite 3660
Chicago, Illinois 60606
(312) 346-8700

Alan Himmelfarb, Esq.
LAW OFFICES OF ALAN IMMELFARB
3801 South Santa Fe Ave.
Vernon, California 90058
(213) 585-8696

Counsel for Plaintiffs in *Mirfasihi v. Fleet Mortgage Corp.*

Dated: 5/**31**/05

Clifford A. Cantor, Esq.
LAW OFFICES OF
    CLIFFORD A. CANTOR, P.C.
627 208th Ave., S.E.
Sammamish, Washington 98053-7033
(425) 868-7813

*Cliff Cantor*

Clifford A. Cantor

Jordan M. Lewis
SIEGEL, BRILL, GREUPNER, DUFFY
    & FOSTER, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, Pennsylvania 19103
(215) 814-9322

Counsel for Plaintiffs in *Burke v.
Washington Mutual Home Loans, Inc., et al.*

THE LAW OFFICES OF
    J. NICOLAS ALBUKERK
3247 W. 26th Street, 2nd Floor
Chicago, Illinois 60623
(773) 847-1600

Along with Law Offices of Clifford A.
Cantor, P.C., counsel for the Burkes in
*Mirfasihi v. Fleet Mortgage Corp.*

Dated: 5/__/05

Richard A. Lockridge
Robert K. Shelquist
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900

*Robert K Shelquist (by CC)*

Robert K. Shelquist

Counsel for Plaintiffs in *Fyhrie v. Fleet
Mortgage Corp.*

24

Robert K. Shelquist

Counsel for Plaintiffs in *Fyhrie v. Fleet Mortgage Corp.*

Dated: 5/31/05

COHEN, MILSTEIN, HAUSFELD
    & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
(202) 408-4600

Victoria S. Nugent

Counsel for Plaintiffs in *Gates v. Fleet Mortgage Corp.*

Dated: 5/31/05                  SKADDEN, ARPS, SLATE,
                                  MEAGHER & FLOM, LLP
                                        333 West Wacker Drive, Ste. 2100
                                        Chicago, IL 60606
                                        (312) 407-0700

                                        - and -

                                        1440 New York Avenue N.W.
                                        Washington, D.C. 20005
                                        (202) 371-7000

                                        Andrew L. Sandler
                                        Christina M. Tchen
                                        Gary DiBianco

                                        Counsel for Defendant

26

**FMC-Midtash Case**

**Opt-Out Listings**

| Name | Address | City | State | Zip |
|---|---|---|---|---|
| DAVID G. HARRIS | 4 CROFTON DR | MANTUA | NJ | 08511 |
| JEFFREY L DENZIN | 801 LIBERTY ST | RIPON | WI | 54971-1223 |
| AUDREY L WOOD | 296 LINDEN LN | WHEELING | IL | 60090-3145 |
| ELISABETH K CAMPBELL(ESTATE OF) | 3130 S PECK AVE UNIT 10 | SAN PEDRO | CA | 90731-9510 |
| FRANCES M DENT | 818 BELLAIRE CT | EL CAJON | CA | 92020-2001 |
| BENJAMIN H WILSON | 1601 BURNET AVE | SYRACUSE | NY | 13206-3528 |
| ARTY BRUNO | 301 100TH ST APT 1B | BROOKLYN | NY | 11209 |
| RICHARD M BLAIR SR | 970 PEACHERS MILL RD | CLARKSVILLE | TN | 37042-3693 |
| RUSSELL T BORNHEIMER | 75 NIAGARA LN | WILLINGBORO | NJ | 08046-1250 |
| MATTHEW B RISIU | 1 ALMA DR | SANT CHARLES | MO | 63304-8513 |
| FRANK BERLINGO | 1868 SUNNY DR | BRADENTON | FL | 34207-8502 |
| JOSEPH L ORCUTT | 3600 REED RD UNIT 8 | COLUMBUS | OH | 43220-4979 |
| JAMES F SWAILS | 118 CHAPEL DR | SAVANNAH | GA | 31406-6265 |
| STEPHEN CECCO | 8401 ROMA AVE NE | ALBUQUERQUE | NM | 87108-2423 |
| ARIE E LEE | 135 RESERVATION RD | CLARKSDALE | MS | 38614-8317 |
| RON BOWEN | 2517 DAVENPORT ST | MUSKOGEE | OK | 74403-8812 |
| STEPHEN A SMITH | 14 SPARROW CIR | NEWTON | NJ | 07860-1499 |
| WALTER A PORTER | 1328 W ST NE | WASHINGTON | DC | 20018-3503 |
| ROSALIE A RINALDI | 81 NEWTOWN AVE | NORWALK | CT | 06851-3010 |
| ROGERIO M GONZALEZ | 2100 N MINNESOTA AVE | BROWNSVILLE | TX | 78521-6921 |
| MARK O DAWSON | 61 RUTLAND ST | WATERTOWN | MA | 02472-2107 |
| BRIAN J SPRINGMAN | 5301 KUYKENDALL RD | CHARLOTTE | NC | 28270-0273 |
| N JEAN BENDER | 34 DEER RUN RD | NOTTINGHAM | PA | 19362-9042 |
| DANIEL D FRAGUERO | 20915 SHAW'S FLAT RD | SONORA | CA | 95370-5439 |
| MARIA BALOGH | 448 NORMAN ST | BRIDGEPORT | CT | 06605 |
| ANGELA PERRY | 39 MAYWOOD ST | BOSTON | MA | 21182 |
| EST WILLIE C TRUESDALE | 15927 SUSSEX ST | DETROIT | MI | 48227-2690 |
| CAROLINE J LAMAY | 2820 RIDGEWAY AVE | ROCKFORD | IL | 61101-4257 |
| TERRY L CORMAN | 3525 E COUNTY ROAD 30 | FORT COLLINS | CO | 80528-9318 |
| GERALDINE E RICCI | 125 LOUIS DR | VINELAND | NJ | 08362 |
| JOHN BORGES | 41 WALDO RD | WARWICK | RI | 28893 |
| DAVID P HOLTROP | 4171 S 15TH ST | SHEBOYGAN | WI | 53081-7701 |
| SHIRLEY M COYNE | PO BOX 473 | WATSEKA | IL | 60970-0473 |
| DONALD G JOHNSON | 3301 N FM 1417 APT 1422 | SHERMAN | TX | 75092-3472 |
| RONALD E LASSMAN | 213 BURNHAM RD | LOWELL | MA | 18521 |
| TROY H THORNTON | 5213 WINDING WAY | HARRISBURG | PA | 17109-5343 |
| BROCK R SCHWARTZ | PO BOX 408 | INDIAN HILLS | CO | 80454-0408 |